AUSA: THOMAS JOHN WRIGHT

# 24 MAG 674

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ORIN GILLIS,<br><br>        Defendant. | **SEALED COMPLAINT**<br><br>Violations of 18 U.S.C. §§ 922(g)(1), 924(c), and 2; 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C)<br><br>COUNTY OF OFFENSE:<br>NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

   NICHOLAS GEROULAKIS, being duly sworn, deposes and says that he is a Task Force Officer with Homeland Security Investigations ("HSI"), and charges as follows:

## COUNT ONE
### (Possession of a Firearm After a Felony Conviction)

   1. On or about January 16, 2024, in the Southern District of New York and elsewhere, ORIN GILLIS, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a nine-millimeter G19 Gen 5 Glock semi-automatic pistol, and ammunition, to wit three Speer, nine-millimeter cartridge casings, all of which was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

## COUNT TWO
### (Possession with Intent To Distribute Narcotics and Controlled Substances)

   2. On or about January 16, 2024, in the Southern District of New York and elsewhere, ORIN GILLIS, the defendant, knowingly and intentionally distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

   3. The controlled substances involved in the offense were (i) a quantity of mixtures and substances containing a detectable amount of cocaine base, in a form commonly referred to as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(C); and (ii) a quantity of mixtures and substances containing a detectable amount of synthetic cannabinoids, in a form commonly referred to as "K2," in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), 841 (b)(1)(C).)

## COUNT THREE
### (Firearms Use, Carrying, and Possession)

   4. On or about January 16, 2024, in the Southern District of New York and elsewhere, ORIN GILLIS, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count

Two of this Complaint, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

5. I have served for over five years as a task force officer with HSI and am currently assigned to the Violent Gang Task Force. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, my review of certain body-worn camera video recordings, my conversations with other law-enforcement officers and other individuals, and my training in the identification of controlled substances and firearms and experience making arrests tied to the seizure of controlled substances and firearms. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my conversations with other law enforcement officers, my review of their reports, and my review of video recordings obtained from body-worn cameras of certain members of the New York City Police Department ("NYPD"), including two police officers who participated in the arrest of ORIN GILLIS, the defendant, on or about January 16, 2024 ("PO-1" and "PO-2"), I have learned the following information:

a. On or about January 16, 2024 at approximately 4:00 PM, PO-1 and PO-2 were conducting physical surveillance on a group of suspected drug traffickers operating in the vicinity of the northeast corner of Eldridge Street and Broome Street in the Lower East Side of Manhattan.

b. During this time period, PO-1 saw a male whom PO-1 later identified as GILLIS participate in multiple hand-to-hand transactions. In each of these transactions, PO-1 saw a person, consistent in appearance with a user of controlled substances, walk up to GILLIS, hand GILLIS a quantity of United States currency, and receive back from GILLIS a quantity of small objects. These small objects were consistent with retail units of crack in their size and in the manner that GILLIS was using one hand to retrieve the small objects from the front of his pants and the fingers of his other hand to count out a specific number of the small objects during the hand-to-hand transactions.

c. Following one such hand-to-hand transaction, PO-2, who was sitting next to PO-1 in their parked and unmarked car, watched the customer ("Customer-1"), who had just interacted with GILLIS, walk westbound from the northeast corner of the intersection of Eldridge Street and Broome Street, proceeding along Broome Street toward the position of another team of police officers of the NYPD who were waiting, among other things, to stop and potentially arrest drug customers.

d. After PO-1 and PO-2 communicated the description of Customer-1 to their fellow officers, those officers stopped and searched Customer-1, which resulted in the seizure of

one vial containing a hard, rock-like white substance, which later laboratory tested positive for crack. One of the officers who stopped and searched Customer-1 then directed PO-1 and PO-2, in substance and in part, to arrest the drug trafficker who had sold to Customer-1.

e. Having received this direction and at no time having lost sight of GILLIS, PO-1 and PO-2 then drove up to the northeast corner of Eldridge Street and Broom Street. There, the moment PO-2 stepped out of the car, PO-2 saw GILLIS begin to run away, heading eastbound on Broome Street. PO-2 and PO-1 immediately gave chase, catching up to GILLIS in approximately the middle of the same block.

f. After stopping GILLIS, both PO-1 and PO-2 were present when GILLIS almost immediately stated, in substance and in part, "I have a weapon." The subsequent search of GILLIS led to the seizure of the following items: (i) a nine-millimeter G19 Gen 5 Glock semi-automatic pistol (the "Firearm") loaded with three Speer, nine-millimeter cartridge casings (ii) approximately 31 vials containing a hard, rock-like substance, certain of which matched the appearance of the vial seized from Customer-1 and which later laboratory tested positive for crack; (iii) approximately 87 paper twists containing a green vegetative substance, which later laboratory tested positive for a synthetic cannabinoid, specifically DMB-4en-PINACA, which the Drug Enforcement Administration recently added to a list of controlled substances under the Controlled Substances Act and which is commonly referred to as "K2"; (iv) a quantity of pills containing oxycodone, which later laboratory tested positive for oxycodone; and (v) approximately $325 of United States currency, comprised principally of seven $20 bills, seven $10 bills, and 12 $5 bills.

7. As part of my investigation of this matter, I have received information from a member of the Alcohol, Tobacco, Firearms, and Explosives Bureau ("ATF"), who, based on his expertise in the manufacturing of firearms and analysis of documents and photographs relating to the Firearm, has concluded that the Firearm was not manufactured in the State of New York.

8. Further, as part of my investigation of this matter, I have reviewed the criminal history of ORIN GILLIS, the defendant. From this review, I have learned that (i) on or about April 14, 2015, in the Supreme Court of the State of New York in New York, New York, GILLIS was sentenced to 42 months' imprisonment and five years' post-release supervision following his conviction of Robbery in the Second Degree, in violation of New York Penal Law § 160.10(2)(B), arising from an arrest on or about November 2, 2012; (ii) on or about May 12, 2015, in the Supreme Court of the State of New York in the Bronx, New York, GILLIS was sentenced to 16 months' to 48 months' imprisonment following his conviction in two counts for Robbery in the First Degree, in violation of New York Penal Law §160.15(4), arising from an arrest on or about February 16, 2015

WHEREFORE, I respectfully request that an arrest warrant be issued for ORIN GILLIS, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s/ sworn telephonically
_____
NICHOLAS GEROULAKIS
Task Force Officer
Homeland Security Investigations

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), on February 14, 2024

*[signature: Gabriel W. Gorenstein]*
_____
THE HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

4